***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for modifications to Finding of Fact #11, Conclusion of Law #2 and minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between plaintiff and defendant-employer on February 2, 1996.
5. Plaintiff's average weekly wage is $270.00.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. Plaintiff is 34 years old and a high school graduate. Plaintiff was injured as a result of a specific traumatic incident on February 2, 1996.
2. Plaintiff received medical treatment from Dr. J. L. Frank, orthopaedic surgeon, including a partial hemilaminectomy with excision of herniated disk at L5-S1 on January 14, 1998.
3. Plaintiff reached maximum medical improvement and was released to return to work within the guidelines of a functional capacity evaluation on December 16, 1998.
4. Plaintiff retained a 15% permanent partial impairment rating and was allowed to return to work with restrictions of lifting 10 to 15 pounds on an occasional basis and avoidance of repetitive bending, twisting, and lifting.
5. Defendants assigned vocational rehabilitation services on or about March 4, 1999.
6. The Industrial Commission entered an Order on July 21, 1999 compelling the Plaintiff to comply with vocational rehabilitation services.
7. The Industrial Commission entered an Order on November 8, 2000 suspending the payment of compensation as of October 3, 2000 due to the plaintiff's violation of the July 21, 1999 Order and failure to cooperate with vocational rehabilitation.
8. The Full Commission finds as fact from a review of the vocational rehabilitation records in evidence that plaintiff has consistently refused to comply with vocational rehabilitation and that his refusal is unjustified. The records are replete prior to the November 8, 2000 Order and even thereafter, with reports of missed meetings by plaintiff. The reports further indicated that not only does the plaintiff repeatedly miss meetings, but also he fails to inform the case manager in advance and fails to provide reasonable bases for the missed meetings. Further, the records indicate that on multiple occasions, after meetings have been rescheduled at plaintiff's request, plaintiff has failed to show up for the meetings.
9. Plaintiff has produced no evidence indicating that his restrictions have changed or that he is unable to participate in vocational rehabilitation. Plaintiff has not had a driver's license since 1992, but this did not prevent him from obtaining employment with defendant prior to February 2, 1996. Plaintiff, as indicated by the reports, moves from one residence to another without timely notifying the case manager and makes it all but impossible for the case manager to contact him.
10. The vocational rehabilitation records since November 8, 2000 indicate plaintiff continued unjustified refusal to comply with previous Industrial Commission orders and participate in vocational rehabilitation not only by continued missed meetings, but by repeated failure to put in applications with employers, as requested, such as Revlon and Murdoch Center.
11. The Full Commission finds that plaintiff has failed to prove that he is entitled to the resumption of temporary total disability benefits since November 8, 2000. This is a suspension of benefits, which may resume if plaintiff cooperates with vocational rehabilitation.
12. There is no evidence in the record of plaintiff making any effort to get his driving privileges reinstated. Plaintiff testified he could not afford to pay the fines he owes which would enable him to obtain his drivers license, yet he fails to make a reasonable, good faith effort to obtain employment. Plaintiff said he relied on family and friends for transportation. Plaintiff's uncle, who works in Durham, provided plaintiff with transportation to the hearing before the deputy commissioner of this matter. Even though Plaintiff contends there are no jobs in the area he lives and he has an uncle who works in Durham, plaintiff has not looked for employment in the Durham area.
13. A Form 21 was received by the Commission on February 24, 1998 and approved by the Commission on February 25, 1998. The Form 21 reflects an average weekly wage of $270.00 and a weekly compensation rate of $180.01.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff was injured by a specific traumatic incident on February 2, 1996. N.C. Gen. Stat. § 97-2(6).
2. Defendants' Industrial Commission Form 24 was not improvidently approved by the Industrial Commission on November 8, 2000. Plaintiff has refused to cooperate with vocational rehabilitation and until such time as this refusal ceases he is not entitled to benefits. N.C. Gen. Stat. § 97-25.
3. Plaintiff has failed to prove by greater weight of the competent evidence that his repeated refusal to comply with Industrial Commission orders and participate in vocational rehabilitation has been justifiable, and therefore, he is not entitled to resumption of temporary total disability benefits. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to permanent partial disability benefits for a 15% permanent partial rating to his back. N.C. Gen. Stat. § 97-31(23).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for resumption of temporary total disability benefits since November 8, 2000 is hereby DENIED.
2. Defendant shall pay Plaintiff permanent partial disability benefits for the 15% permanent partial impairment rating to his back, subject to an attorney's fee approved below.
3. A reasonable attorney's fee of 25% of the compensation awarded to Plaintiff in paragraph 2 above is hereby approved to be deducted from the lump sum due Plaintiff and shall be paid directly to Plaintiff's counsel.
4. Each side shall pay their own costs.
This the 8th day of September 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING IN SEPARATE OPINION:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER